UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON WIELAND,
*Conservator of Shawn Michael Wieland*,

   Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

   Defendant.
_____/

Case No. 4:24-cv-10967

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DENYING DEFENDANT'S RULE 35 MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF SHAWN WIELAND AND MOTION TO ADJOURN RULE 16 SCHEDULING ORDER DEADLINES (ECF No. 25)**

  The Court has reviewed Defendant's motion for an independent medical examination (IME) of Plaintiff's ward and to adjourn scheduling order dates (ECF No. 25, which replaced ECF No. 16, per text-only order of Oct. 21, 2024) and Plaintiff's response (ECF No. 22), and the Court has been further advised by the video status conference with counsel that took place on October 17, 2024. Although given the opportunity to do so, Defendant has not filed a timely reply. <u>Upon consideration,</u> Defendant's motion (ECF No. 25) is **DENIED** for six reasons:

(1) Although the complaint gave Defendant multiple opportunities to clearly place Plaintiff's medical condition and the daily number of attendant care hours at issue in this case (*see* ECF No. 1-2, ¶¶ 16-18, 24 & 28), the amended answer to these allegations and affirmative defenses (ECF No. 8) was cagily pleaded to make Defendant's position ambiguous and does not "fairly respond to the substance of the allegation[s][,]" Fed. R. Civ. P. 8(b)(2);

(2) Defendant's adjustor's own notes dated February 21, 2023 appear to reflect that Plaintiff's documented injuries are not in dispute and an understanding that care is for 24 hours per day (*see* ECF No. 22-3, PageID.403-404);

(3) The unrebutted procedural history given by Plaintiff reflects that: (a) in August of 2023, an Oakland County jury found that Defendant underpaid attendant care benefits and determined a reasonable monetary rate of care far above what Defendant had been willing to pay; (b) Defendant has not appealed that portion of the judgment relating to the value of attendant care benefits; and, (c) even three months after receiving a report from its instant named expert, Defendant's counsel argued in state court

       that Defendant "doesn't disagree" that Plaintiff needs 24 hours per day care, although continuing to dispute what effect sleep has upon the hourly calculation (*see* ECF No. 22, PageID.387-388; ECF No. 22-4, PageID.408; ECF No. 26-6);

(4)    The expert Defendant now proposes to conduct the IME, Saad C. Naaman, M.D., was already able to render his opinion on May 17, 2023 as to the number of hours of attendant care needed – which was apparently ignored by Defendant until defending this suit – based on a record review alone, without examining Plaintiff's ward, and, although noting some improvement, did not place the basic physical or mental condition of Plaintiff's ward at issue, rendering Defendant's present request an effort to bolster an opinion already given, rather than a necessity in order to form one (*see* ECF No. 25-3; ECF No. 22-4, PageID.408);

(5)    Defendant has not demonstrated that the expert proposed to conduct the IME meets the statutory criteria for a mandatory examination under Mich. Comp. Laws § 500.3151(2); and,

(6) Defendant has failed to show "good cause" for the IME, as required under Fed. R. Civ. P. 35(a)(2)(A), *Schlagenhauf v. Holder*, 379 U.S. 104, 117-119, 121-122 (1964).

Accordingly, Defendant's motion is **DENIED ON THE MERITS** as to the request for an IME and **DENIED WITHOUT PREJUDICE AS PREMATURE** as to the related request to extend the scheduling order deadlines. As discussed at the October 17, 2024 status conference, if the parties agree, in light of this order, that some extensions are still necessary, they should confer and document any agreed upon extensions by way of a stipulated order, which should be submitted to the Court through the CM/ECF Utilities function for Judge Kumar's signature.

It is **SO ORDERED**.[1]

Dated: October 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).