UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON WIELAND,
*as Conservator of Shawn Michael Wieland*,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.
_____/

Case No. 4:24-cv-10967

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART, DENYING IN PART and DEEMING RESOLVED IN PART PLAINTIFF'S MOTION TO COMPEL MORE SPECIFIC INTERROGATORY ANSWERS (ECF No. 14)

In his lawsuit, Plaintiff Sheldon Wieland, as conservator of Shawn Michael Wieland, alleges in sum that "Defendant State Farm refuses to pay the reasonable value for the attendant care services provided to Mr. Wieland after August 29, 2023," – the date the state court jury arrived at its verdict in Case No. 2022-196542-NF (Oakland County Circuit Court) – "and through the present." (ECF No. 1, PageID.11-25 ¶¶ 23, 42; ECF No. 1-1, PageID.80-94 ¶¶ 23, 42.) Plaintiff's causes of action allege violation of Michigan's No-Fault Automobile Insurance Act, engagement in bad faith breach of contract, and violation of the September 14, 2023 judgment in the state court case. (*Id*., ¶¶ 44-63; *see also id*., PageID.55-56.)

1

Plaintiff seeks entry of a show cause order and declaratory, as well as monetary, relief.  (*Id*., PageID.24.)

Judge Kumar has referred this case to me for discovery.  (ECF No. 7.)  Currently before the Court is Plaintiff's September 26, 2024 motion to compel more specific answers to Interrogatory Nos. 3-6, 9-10, and 12 (ECF No. 14, PageID.203-217), which were served on April 11, 2024 (ECF No. 14, PageID.219-236), and as to which Defendant supplemented its responses on September 3, 2024 (*id*., PageID.238-275).  Defendant has filed a response (ECF No. 26), and the parties have filed a joint list of unresolved issues (ECF No. 28).

On October 29, 2024, Attorneys Steven Nicholas Andrews and Meagan Lynn O'Donnell (Plaintiff), and Joshua T. Christopher (Defendant) appeared for an in person hearing.  (ECF No. 15.)  Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 14), as framed by the joint list of unresolved issues (ECF No. 28), is **GRANTED IN PART, DENIED IN PART,** and **DEEMED RESOLVED IN PART** as follows:

- **As to Interrogatory No. 3** (individuals responsible for determining payment of attendant care benefits for the past 5 years), Defendant's objection that it is "overly broad in time," (ECF No. 14, PageID.252), is **SUSTAINED**.  Defendant must supplement its answer, for the period back to February 28,

2

    2021, with identification of "the person or persons at [State Farm] who were involved in any way in the decisions regarding the payment of Plaintiff's attendant care/homebased care benefits . . . [,]" (ECF No. 14, PageID.252), including but not limited to the claims specialists and their supervisors, as well as the individual's business address (or last known address if the individual has left the company) and job title.

- **As to Interrogatory No. 4** (known MCCA people involved in the case), Defendant's objection that it is "overly broad in time," (ECF No. 14, PageID.253), is **SUSTAINED**. Defendant must supplement its answer, for the period back to February 28, 2021, not just with references to document ranges, but with names, business addresses, and job titles, if known. Defendant may produce either MCCA Membership System (MMS) screen shots or all of the known names and addresses.

- **As to Interrogatory No. 5** (information regarding past 5 years' attendant care decisions), Defendant's objection that it is "overly broad in time," (ECF No. 14, PageID.254), is **SUSTAINED**. Defendant must supplement its answer, for the period back to February 28, 2021, limited to changes in rate and/or number of hours (as defense counsel indicated the amount of hours remains in controversy).

- **As to Interrogatory No. 6** (information regarding all non-attendant care allowable expenses, dated back to August 30, 2023),[1] Defendant must supplement – *i.e.*, bring up to date – the Payment Log it produced in response to Request for Document No. 2 (*see* ECF No. 14, PageID.264-265), showing the amount billed and amount paid. Once Plaintiff receives this material, further questions may be the subject of follow up discovery requests.

---

[1] As discussed on the record, this information is discoverable within the scope of Plaintiff's pleading, to the extent it cites Mich. Comp. Laws § 500.3107 ("Expenses and work loss for which personal protection insurance benefits payable.") and references "allowable expenses." (*See* ECF No. 1, PageID.11-25 ¶¶ 3, 18, 25, 45, 47.)

- **As for the "Claims Manual and policies and procedure manuals[,]"** the parties have agreed that Defendant will produce, subject to a protective order, manuals: (1) consulted or relied upon with respect to the claims at issue in this case; (2) for the use of claim representatives and claims personnel with respect to Michigan auto no fault claims; and/or, (3) concerning all insurance claims in general, if also applicable to the claims at issue in this case.[2] The parties have up to and including **Friday, November 8, 2024** by which to submit a proposed, stipulated protective order, via CM/ECF "Utilities," for the Undersigned's signature. And, because entry of a protective order is distinct from sealing a record on the public docket, the parties are encouraged to review the Undersigned's Practice Guideline on "Protective Orders and Sealing of Records." *See* www.mied.uscourts.gov.

- **As to Interrogatory No. 9** (the person responsible for maintaining the Claims Manual and policies and procedures), the motion is **DEEMED RESOLVED** based upon the stipulation already put on the record.

- **As to Interrogatory No. 10** (the person responsible for developing the Claims Manual and policies and procedure manuals), Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

- **As to Interrogatory No. 12** (affirmative defenses), Defendant **SHALL** supplement its answer with the information specifically requested in each subpart, *i.e.*, not to answer simply with references to large page ranges of documents.

Defendant **SHALL** serve the above-ordered supplements to its September 3, 2024 answers and responses (*see* ECF No. 14, PageID.238-275), "in writing under oath[,]" Fed. R. Civ. P. 33(b)(3), no later than **November 13, 2024**.

---

[2] The Court has done its best to capture this stipulation here, but the parties should order and consult the transcript, as necessary, on this point.

4

Finally, no costs or expenses are awarded, as no party prevailed in full. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[3]

Dated: October 30, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).