UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON WIELAND,
*as Conservator of Shawn Michael Wieland*,

        Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 4:24-cv-10967

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DEEMING RESOLVED IN PART and GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO REQUESTS FOR ADMISSIONS (ECF No. 23), DEEMING ADMITTED REQUESTS FOR ADMISSION Nos. 9 & 11 (ECF No. 23-3), and CLARIFYING THE COURT'S OCTOBER 30, 2024 ORDER (ECF No. 30)**

Judge Kumar has referred this case to me for discovery. (ECF No. 7.) Currently before the Court is Plaintiff's October 15, 2024 motion to compel answers to requests for admissions (ECF No. 23), regarding which Defendant has filed a response (ECF No. 29), and the parties have filed a joint list of resolved and unresolved issues (ECF No. 32).

On November 13, 2024, Attorneys Steven Nicholas Andrews (Plaintiff) and Joshua T. Christopher (Defendant) appeared for an in person hearing. (ECF No. 24.) Upon consideration of the motion papers and oral argument, <u>defense</u>

1

<u>counsel's responses to the Court's questions at the hearing</u>, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 23), as framed by the joint list of resolved and unresolved issues (ECF No. 32), is **DEEMED RESOLVED IN PART** and **GRANTED IN PART** as follows:

- As to **Request for Admission Nos. 4 (Re: No-Fault Insurer), 5 (Re: Sustained Brain Damage), 6 (Re: Injuries),** and **18 (Re: Reasonable Rate)** (*see* ECF No. 23-3, PageID.454-455, 463), Defendant has agreed to amend its answers; therefore, the dispute as to these requests is **DEEMED RESOLVED**.

- As to **Request for Admission 9 (Re: Attendant Care)** (*id*., PageID.457), it is **DEEMED ADMITTED**, the Court finding under Fed. R. Civ. P. 36(a)(6) that the answer does not comply with Fed. R. Civ. P. 36(a)(4). Defendant's "impermissible attempt to shift the burden of proof in this case" objection is **OVERRULED** as lacking any legal basis and contrary to Fed. R. Civ. P. 36(a)(5). *See also Campbell v. Spectrum Automation Co*., 601 F. 2d 246, 253 (6th Cir. 1979) ("That a request seeks admissions on 'ultimate facts,' or is dispositive of the entire case, is irrelevant.")

- As to **Request for Admission 11 (Re: Reasonable Proof)** (ECF No. 23-3, PageID.458-459), it is **DEEMED ADMITTED**, the Court finding under Fed. R. Civ. P. 36(a)(6) that the answer does not comply with Fed. R. Civ. P. 36(a)(4). Defendant's objections are **OVERRULED**.

Defendant's disputed "responses" are not, in fact, responsive, attempt to reframe the requests to its own liking, and are couched in objections that are not well-taken. They do not seem to recognize the purposes of requests to admit under Fed. R. Civ.

P. 36, which include "to allow elimination of contested issues from a case prior to trial and to avoid including extraneous evidence regarding issues not in dispute[.] ***  In fact, requests for admissions are similar in nature to a pretrial order, which narrows issues and eliminates those issues with which there is no dispute." *O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (Gilmore, J.) (citation omitted). The Court also cannot help but notice that nearly identical requests to admit were asked of this defendant in the related state court litigation against this same plaintiff, and, after being ordered to provide response answers, Defendant finally just admitted the requests.  (ECF No. 23-4, PageID.479-480, as highlighted.)

Any Fed. R. Civ. P. 37(a)(5) request for costs or expenses associated with this motion is **DEEMED WAIVED**, based on Plaintiff's counsel's statement on the record.

Moreover, to the extent Defendant sought clarification of the Court's October 30, 2024 order regarding the due date for production of manuals (*see* ECF No. 30, PageID.672), and taking into consideration the recently filed November 12, 2024 protective order (ECF No. 33), Defendant **SHALL** produce the "claims manual and policies and procedure manuals" no later than **November 27, 2024**.

Finally, Plaintiff's deposition is adjourned for at least four weeks from the date currently scheduled.

**IT IS SO ORDERED.**[1]

Dated:  November 14, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).