UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON WIELAND,
*as Conservator of Shawn Michael Wieland*,

        Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 4:24-cv-10967

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART, DENYING IN PART, AND DEEMING RESOLVED IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG, A COMPLETE CLAIM FILE, AND FOR SANCTIONS (ECF No. 39) and GRANTING IN PART AND DEEMING RESOLVED IN PART DEFENDANT'S MOTION TO COMPEL MORE SPECIFIC RULE 33 AND RULE 34 WRITTEN DISCOVERY RESPONSES FROM PLAINTIFF (ECF No. 41)**

**A.    Past Discovery Practice**

Judge Kumar has referred this case to me for discovery. Discovery-related motion practice in this case has already involved three discovery motions – Plaintiff's two motions to compel (ECF Nos. 14, 23) and Defendant's motion to compel an independent medical examination (ECF Nos. 16, 19, 25) – which the Undersigned has addressed in multiple orders (ECF Nos. 27, 30, 37). Moreover, Defendant's objections to two of the orders resulting from those motions (ECF

Nos. 31, 35), as well as Plaintiff's responses thereto (*see* ECF Nos. 38, 42), are pending before Judge Kumar.

### B. Pending Discovery Motions

At this time, there are *three additional discovery motions* pending before the Court: (1) Plaintiff's November 22, 2024 motion to compel production of privilege log, a complete claim file, and for sanctions (ECF No. 39); (2) Defendant's November 25, 2024 motion to compel more specific Rule 33 and Rule 34 written discovery responses from Plaintiff (ECF No. 41); and, (3) Defendant's December 4, 2024 Rule 26(c) motion for protective order regarding Plaintiff's Rule 30(b)(6) deposition notices (ECF No. 45).

This order concerns the two pending motions to compel. (ECF Nos. 39, 41.)[1] On December 19, 2024, Attorneys Steven Nicholas Andrews (Plaintiff), Joshua T. Christopher, and Shaun M.J. Neal (Defendant) appeared for an in-person hearing. (ECF No. 43.) The parties have filed responses and a reply (ECF Nos. 48, 44, 49), as well as joint lists of resolved and unresolved issues (ECF Nos. 50, 51).

---

[1] As the Court explained on the record on December 19, 2024, Defendant's motion for protective order is scheduled to be heard on February 19, 2025 (*see* ECF No. 46), in part so that the Undersigned might have the benefit of Judge Kumar's ruling on the now-pending objections (ECF Nos. 31, 35).

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court (ECF No. 55), <u>which are hereby incorporated by reference as though fully restated herein</u>:

### C. Plaintiff's motion to compel (ECF No . 39) is GRANTED IN PART, DENIED IN PART & DEEMED RESOLVED IN PART.

As set forth in the joint list, the only unresolved issues are: (1) "Defendant failed to identify or produce documents related to the claim, but not contained in the Claim File, including communications between State Farm and the MCCA[;]" and, (2) "[t]he proper sanctions to be imposed upon State Farm for Plaintiff having to (a) file this motion to obtain documents and (b) for State Farm's continued refusal to produce or even identify documents related to the claim." (ECF No. 51.) The latter will be addressed in the following section.

As for State Farm's "written communications with the Michigan Catastrophic Claims Association (MCCA)[,]" (*see* ECF No. 39, PageID.797), during the motion hearing, much time was spent discussing whether communications between adjusters for State Farm and adjusters for the MCCA could be entitled to work product protection. Defendant's reliance upon *Koster v. June's Trucking, Inc.*, 244 Mich. App. 162 (2000) as support for this issue (*see* ECF No. 51, PageID.1609) is not convincing, because, "[i]n a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th

3

Cir. 2006).  Defendant was not only without federal case law to support its position but was also unable to explain – after repeated questioning by the Court – *how* it discerned which communications between adjusters were entitled to work product protection and which were not.  Put another way, in addition to its lack of legal support for its position, Defendant was not able to articulate to the Court what factual criteria were used in determining which communications it would withhold or how the work product doctrine would apply, nor was Defendant able to draw any kind of a line between impressions of litigation and claims adjustment.

"A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation.'"  *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (quoting *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006)).  In sum, Defendant has not met its burden to show that communications between a State Farm adjuster and an MCCA adjuster are entitled to work product protection under the common interest doctrine or why such communications involve anything more than merely adjusting claims.  *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 152 F.R.D. 132, 141 (N.D. IL 1993) (the "common interest must arise as a result of impending or anticipated litigation and not in the ordinary course of business.")  Moreover, it was established at oral argument that none of the communications at issue could have been protected by the attorney-

client privilege, as none involved the giving or receiving of legal advice between an attorney and client, and Plaintiff is not looking for attorney to attorney communications that could conceivably be protected under the common interest doctrine. *Id*. at 140 ("The doctrine exists to enable *counsel* for clients facing a common litigation opponent to exchange privileged documents and information, including attorney work product ….") (emphasis added). Accordingly, no later than **Monday, January 6, 2025**, Defendant **SHALL** produce "all communications between State Farm and the MCCA relating to Plaintiff's claims produced without objection or new claims of privilege." (ECF No. 39, PageID.813 ¶ 3.) Lest there be any confusion, Defendants are to respond to the request for production *as posed*, *i.e.*, "Produce all documents in the possession of Defendant Insurance Company relating to Plaintiff *regardless of whether the documents are retained in a claim file*." (ECF No. 39-9, PageID.897 [Request for Documents No. 1] (emphasis added).) To be consistent with the Court's prior order, Defendant should answer this question for the period back to February 28, 2021.[2]

---

[2] Although the calculation "for the period back to February 28, 2021" is not spelled out in the Court's October 30, 2024 written order (*see* ECF No. 30, PageID.670-671), the transcript for the related, October 29, 2024 hearing includes the Court's reason for arriving at this date – namely six months prior to August 30, 2021, the dated Defendant allegedly stopped making payments (*see* ECF No. 36, PageID.731-732; *see also id*., PageID.743-745, 748). Defendant's pending objection to that order characterizes the February 28th date as "arbitrary" (ECF No. 35, PageID.715), notwithstanding the long colloquy between Plaintiff's counsel

Moreover, in responding to this discovery request, Defendant is **CAUTIONED** to remember:

- The definition of "adjuster" is to be broad, *i.e.*, based on action not title, bearing in mind that Plaintiff's request (as quoted above) is not limited to adjustors, in any case.

- With respect to any data located in the MCCA's MMS system (ECF No. 51, PageID.1609-1610), Defendant must reconsider and determine, cognizant of the fact that it is a member of the MCCA, Mich. Comp. Laws § 500.3104(1), whether State Farm also has "possession, custody or control" of such data, and produce any responsive data meeting that criteria. *See* Fed. R. Civ. P. 34(a)(1); *see also* ECF No. 55, PageID.1723-1724. As this Court explained in *Ford Motor Co. v. Intermotive, Inc.*, No. 17-11584, 2020 U.S. Dist. LEXIS 105695, *11 (E.D. Mich. Jun. 17, 2020) (Patti, M.J.), "[P]revious cases in our District have found, '[a] party has control over materials in the possession of a third party by virtue of its ability to secure the consent that was necessary to obtain a copy of these materials.' *Flagg v. City of Detroit*, 252 F.R.D. 346, 355 (E.D. Mich. 2008). '[E]xamples of circumstances giving rise to control [include]: contractual provisions granting legal access ….' *J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 U.S. Dist. LEXIS 92394, at *22 (E.D. Mich. June 3, 2019) (citing *Flagg*, 252 F.R.D. at 353) (emphasis added)."

- The response must include electronic communications, claim status reports (*see, e.g.*, ECF No. 39-10), and requests for pre-approval.

---

and the Court that patently led to the selection of that date (*See* ECF No. 36, PageID.728-732, 738, 743-745, 748.)

Finally, nothing in this order prevents Plaintiff from subpoenaing the same information from the MCCA, as was done with success in the state court litigation. *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013) ("[T]here is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party....") (internal citations omitted); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-13040, 2019 U.S. Dist. LEXIS 99897, at *6-7 (E.D. Mich. Jun. 14, 2019) (Patti, M.J.) ("the parties are entitled to seek the same evidence from different sources within the same case in order to test veracity and completeness and to uncover contradictory information.").

    **D.**    **Defendant's motion to compel (ECF No. 41) is GRANTED IN PART & DEEMED RESOLVED IN PART.**

As set forth in the joint list, the only unresolved issue with respect to Defendant's motion concerns Plaintiff's answers to Interrogatory Nos. 2-4 and response to Request for Production No. 1.  (ECF No. 50.)  Since this motion, as modified by resolution and the joint statement, concerns only temporal issues, it is helpful to note that Plaintiff's supplemental answers and responses to these particular discovery requests went back as early as February 28, 2021.  (*See* ECF No. 41, PageID.1056-1057; ECF No. 41-4, PageID.1078-1080.)

The Court is troubled that Defendant's November 13, 2024 objection takes the approach that February 28, 2021 is "long before the relevant period of benefits

7

sought in this action[,]" (ECF No. 35, PageID.713), while then filing a November 25, 2024 motion asking for information as far back as 2018 (*see* ECF No. 41, PageID.1054-1055; ECF No. 41-3, PageID.1072-1074; ECF No. 41-4, PageID.1078, 1080).  Nonetheless, the Court has reviewed the language of Interrogatory Nos. 2-4 and Request for Production No. 1 and is persuaded by Defendant's December 19, 2024 argument.  Accordingly, these discovery requests seek information that is non-privileged, relevant to any party's claim or defense, and proportional to the needs of the case, as contemplated by Fed. R. Civ. P. 26(b)(1).  Indeed, Plaintiff's counsel conceded at oral argument that this time period was not disproportionate.  Plaintiff **SHALL** supplement his answers to Interrogatory Nos. 1-4 and his response to Request for Production No. 1 as to the actual requests served (*see* ECF Nos. 41-3, 41-4) no later than **Monday, January 6, 2025**.

      **E.**      **The Court DENIES an award of Fed. R. Civ. P. 37 expenses.**

As conceded by Plaintiff at the hearing, his November 22, 2024 request for sanctions is more accurately a request for an award of reasonable expenses under Fed. R. Civ. P. 37 (*see* ECF No. 39, PageID.790, 811-812, 813-815 ¶ 5), and the Court has also considered whether a Rule 37 award of reasonable expenses is warranted for Defendant's motion (ECF No. 41).  As stated on the record on December 19, 2024, no costs or expenses are awarded under Fed. R. Civ. P.

8

37(a)(5), because both parties supplemented post-motion and neither prevailed in full.  Indeed, counsel for both sides agreed on the record to waive their countervailing requests for costs and expenses, including attorney fees, agreeing that the composite result of the rulings on their respective motions made the issue "a wash."

      **IT IS SO ORDERED.**[3]

Dated:  December 24, 2024

                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).